UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER CARRIER,

       Petitioner,

                               Case No. 14-cv-12344

v.

                               HON. MARK A. GOLDSMITH

JEFFREY WOODS,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST TO STAY HABEAS PROCEEDINGS (Dkt. 1), AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Petitioner Alexander Carrier, confined at a Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), through his attorney Laura K. Sutton. In 2007, Petitioner pleaded guilty in the Oakland County Circuit Court to second-degree home invasion, Mich. Comp. Laws § 750.110a(3). Petitioner received a sentence of 19 to 40 years of imprisonment. The petition presents a single claim, asserting that Petitioner's sentence was imposed in violation of Fifth and Sixth Amendment rights as set for in Alleyne v. United States, 133 S. Ct. 2151 (2013).

Petitioner acknowledges that this claim has not been exhausted, but he alleges that he is currently seeking relief in the state trial court by filing a motion for relief from judgment raising his claim. Pet. at 2-3. He therefore moves the Court to stay the case while he completes exhaustion of his claim. Id. at 5-6. Furthermore, hoping that the Michigan Supreme Court will hold that Alleyne applies to the Michigan Sentencing Guideline scheme, and undermine binding federal precedent to the contrary, Petitioner asks the Court not to "make a merits

1

determination of his Alleyne claim and its applicability to his sentences" until after the Michigan Supreme Court rules on the issue. Id. at 5.

Despite the limitations of review Petitioner wishes to place on his petition, his request for a stay is without merit. Instead, the case is subject to dismissal because no matter what the state courts rule, his claim cannot form the basis for granting habeas relief under 28 U.S.C. § 2254.

## II. ANALYSIS

The Court first addresses and rejects Petitioner's substantive claim, and then addresses whether to issue a certificate of appealability.

### A. Petitioner's Substantive Claim

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) ("[T]he state prisoner must first exhaust his available state court remedies by presenting his claims to the state courts to provide the courts an opportunity to remedy any constitutional infirmities in his conviction."). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have "asserted both the factual and legal basis" for the claims in the state courts. See McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (same). The claims must also be presented to the state courts as federal constitutional issues. See Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See Welch v. Burke, 49 F.

2

Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990) (Petitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (brackets and citation omitted)).  While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review.  See Granberry v. Greer, 481 U.S. 129, 131, 134-135 (1987).  The burden is on Petitioner to prove exhaustion. Rust, 17 F.3d at 160.

    Petitioner acknowledges that his claim is not exhausted, and he seeks an order staying the case. A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See Rhines v. Weber, 544 U.S. 269, 274, 276 (2005).  Stay and abeyance is "available only in limited circumstances," such as when the one-year statute of limitations poses a concern, but the petitioner must demonstrate that the unexhausted claims are not "plainly meritless."  Id. at 277.

    Here, Petitioner's only claim is unexhausted and plainly meritless.  Petitioner argues that his sentence violated the Sixth Amendment because it was based upon factors not submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner.  Prior circuit law foreclosed that argument.  See Chontos v. Berghuis, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated Apprendi [v. New Jersey, 530 U.S. 466 (2000)] by finding facts that raised his minimum sentence. But Harris v. United States[, 536 U.S. 545 (2002)] tells us that Apprendi's rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum.").

3

However, as noted by Petitioner, the Supreme Court recently decided <u>Alleyne v. United States</u>, in which certiorari was granted to consider the constitutionality of allowing a judge, not a jury, to determine facts that increase a mandatory minimum sentence. 133 S. Ct. 2151, 2155 (2012). The Court decided <u>Alleyne</u> on June 17, 2013, which overruled <u>Harris</u>, and held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." <u>Id.</u> (citing <u>Apprendi</u>, 530 U.S. at 483 n.10).

Michigan uses an indeterminate sentencing scheme for custodial sentences in which the maximum sentence is set by the statute that defines the crime, and the sentencing court sets a minimum term of imprisonment that may be as long as two-thirds of the statutory maximum sentence. <u>See</u> Mich. Comp. Laws §§ 769.34(2)(a)-(b); <u>People v. Babcock</u>, 666 N.W.2d 231, 236 n.7 (Mich. 2003). However, the sentencing court is obliged to set the minimum term as dictated by the statutory sentencing guideline scheme, which is driven by a scoring system based largely on judge-found facts. <u>See</u> Mich. Comp. Laws § 769.34(2); <u>People v. Drohan</u>, 715 N.W.2d 778, 789-790 (Mich. 2006).

Petitioner argues that the Supreme Court's decision in <u>Alleyne</u> casts doubt on the continuing validity of <u>Chontos</u> because the minimum portion of a sentence under Michigan's sentencing system may be based on judge-found facts. However, even if <u>Chontos</u> is no longer good law, the writ of habeas corpus upsetting a state-court sentence may only be issued if the state court's decision was contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). And the law that state courts must follow is clearly established Supreme Court law as it existed at

4

the time of the state-court adjudication on the merits. Greene v. Fisher, 132 S. Ct. 38, 46 (2011); see also Miller v. Stovall, 742 F.3d 642, 644-645 (6th Cir. 2014) ("[U]nder 28 U.S.C. § 2254(d), clearly established Federal law is the law at the time the original decision was made, not . . . the law before the conviction became final." (quotation marks and citation omitted)). Therefore, even if Alleyne requires a result different than Chontos, the state court's decision was not contrary to federal law clearly established by the Supreme Court at the time of the sentencing decision. See 28 U.S.C. § 2254(d). Nor does Alleyne apply retroactively to cases on collateral review. In re Mazzio, 756 F.3d 487, 491 (6th Cir. 2014).

Accordingly, Petitioner is not entitled to a stay because his unexhausted claim is plainly meritless, and, because this is his only claim, the Court also denies the petition for writ of habeas corpus.

### B.  Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at

336-337.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated above, the Court denies Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  See, e.g, Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).  Because Petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right, and is, therefore, not entitled to the issuance of a certificate of appealability on this claim.  See Heidelberg v. Illinois Prisoner Review Bd., 163 F.3d 1025, 1025-1027 (7th Cir. 1998); Stuckey v. Tribley, No. 12-CV-13358, 2014 WL 414169, at *5 (E.D. Mich. Feb. 4, 2014) (same).

### III.   CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus, denies Petitioner's request for a stay of habeas proceeding, and declines to issue a certificate of appealability.

SO ORDERED.

Dated: October 30, 2014  
   Detroit, Michigan

s\Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2014.

s/Johnetta M. Curry-Williams  
CASE MANAGER

6